IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 8:19-00181-DCC |
| v. | |
| DETRIC LEE MCGOWAN | **PLEA AGREEMENT** |

**General Provisions**

This PLEA AGREEMENT is made this 29th day of July, 2019, between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorneys Andy Moorman and Jim May; the Defendant, DETRIC LEE MCGOWAN, a/k/a, "Fat," and Defendant's attorneys, Ryan L. Beasley, Esquire, and Harold Watson "Trey" Gowdy, III, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges conspiracy to possess with intent to distribute and to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl) and 400 grams or more of a mixture or substance containing a detectable amount of 4-anilino-N-phenethyl-4-piperidine (ANPP), both Schedule II controlled substances, and a mixture or substance containing a detectable amount of Tramadol, a Schedule IV controlled substance, a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(E) and 846.

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A. The conspiracy described in the Superseding Indictment was willfully formed and was existing at or about the alleged time;

B. the defendant knowingly and voluntarily became a part of the conspiracy; and

C. the defendant distributed a quantity of a controlled substance(s) equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1, or the distribution of the threshold quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

**Possible Penalties:** a minimum term of imprisonment of twenty-five (25) years and a maximum term of imprisonment of life, no probation, no parole, a fine of $20,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant agrees to plead guilty to Count 25 of the Superseding Indictment, which charges possession with intent to distribute and distribution of 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, and a mixture or substance containing a detectable amount of Tramadol, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(E) and Title 18, United States Code, Section 2.

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 25**

    A. The defendant knowingly and intentionally possessed the controlled substance(s) described in the Superseding Indictment;

    B. at the time of such possession, the defendant knew that the substance(s) were controlled substance(s) and the defendant possessed the substances with the intent to distribute; and

    C. the quantity of the substance(s) was equal to or in excess of the amount alleged in Count 25 of the Superseding Indictment.

**Possible Penalties:** a minimum term of imprisonment of twenty-five (25) years and a maximum term of imprisonment of life, no probation, no parole, a fine of $20,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

3. The Defendant agrees to plead guilty to Count 29 of the Superseding Indictment, which charges conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i); 1956(a)(1)(B)(i); 1956(a)(1)(B)(ii); 1957 and 1956(h).

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 29**

    A. An agreement to commit money laundering, as alleged in the Superseding Indictment, existed between one or more persons; and

    B. the defendant knowingly and voluntarily joined in the agreement with the intent to further its unlawful purpose.

**Possible Penalties:** a maximum term of imprisonment of not more than 20 years and/or a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater and a term of supervised release of not more than three (3) years, plus a special assessment of $100.

4. The defendant agrees to plead guilty and waive presentment of an Indictment to a Grand Jury and plead guilty to an Information charging obstruction of justice/tampering with a witness, in violation of Title 18, United States Code, Sections 1512(a) and 1512(j).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

A. The defendant attempted to kill a person;

B. To prevent the attendance or testimony at a criminal trial;

C. The defendant was under indictment at the time, charged with violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(E) and 846; and

D. The defendant had been provided notice of enhanced penalties of Title 21, United States Code, Section 851.

**Possible Penalties**: If the offense under this section occurs in connection with a trial of a criminal case, the maximum term of imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case, plus a special assessment of $100.

5. The Defendant agrees to plead guilty and waive presentment of an Indictment to a Grand Jury and plead guilty to an Information charging obstruction of justice/retaliation against a party, in violation of Title 18, United States Code, Sections 1513(a) and 1513(c).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 2

A. The defendant attempted to kill a party;

B. In retaliation for attendance in a criminal case;

C. The defendant was under indictment at the time, charged with violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(E) and 846; and

D. The defendant had been provided notice of enhanced penalties of Title 21, United States Code, Section 851.

**Possible Penalties**: If the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the _offense_ under this section shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any _offense_ charged in such case, plus a special assessment of $100.

6. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

      C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

7. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines ("U.S.S.G.").

8. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

9. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright

at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

- A. the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;
- B. all additional charges known to the Government may be filed in the appropriate district;
- C. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and
- D. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

10. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

11. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

- A. known to the Government prior to the date of this Agreement;

B. concerning the existence of prior convictions and sentences;

C. in a prosecution for perjury or giving a false statement;

D. in the event the Defendant breaches any of the terms of the Plea Agreement; or

E. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any state of the criminal prosecution (including bail, trial, and sentencing).

12. The Defendant stipulates and agrees that he has two (2) prior serious drug felony convictions that have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him/her to enhanced penalties. The Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of the above referenced qualifying convictions for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph. Finally, the Defendant agrees that his/her serious drug felony convictions properly serve to enhance his/her sentence to a mandatory minimum of 25 years imprisonment, and the Defendant waives any right he/she has to contest the propriety of these enhancements.

13. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, a money judgment in the amount of at least $3,264,500.00 and property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Superseding Indictment, and any

forfeiture Bill of Particulars. With regard to each and every asset listed in the Superseding Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

> That the Defendant has or had a possessory interest or other legal interest in each item or property.

> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

> The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

> Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

> If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his/her cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

12. The Defendant agrees to voluntarily abandon all right, title, interest and claim in the firearm(s) and ammunition seized from him, to wit: a Jimenez Arms J.A. 25 caliber pistol (serial number 188060) and 5 rounds PPU .25 caliber ammunition.

13. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

### Merger and Other Provisions

15. The Defendant represents to the court that he/she has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding

Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

16. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

17. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that

may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

7-29-19
Date

Detric Lee McGowan, a/k/a, "Fat"
Defendant

7-29-19
Date

Ryan L. Beasley, Esquire
Defense Attorney

7-29-19
Date

Harold Watson "Trey" Gowdy, Esquire
Defense Attorney

SHERRI A. LYDON
UNITED STATES ATTORNEY

7/29/19
Date

Andrew B. Moorman, Sr.
Assistant United States Attorney

7/29-19
Date

Jim May
Assistant United States Attorney

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. **This Special Assessment is due and payable at the time of the execution of the plea agreement.**

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 8:19-00181 |
| **DEFENDANT'S NAME:** | Detric Lee McGowan |
| **PAY THIS AMOUNT:** | $500 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
Clement F. Haynsworth Federal Building and United States Courthouse
300 East Washington Street
Greenville, SC 29601

OR HAND DELIVERED TO:
**Clerk's Office**
Clement F. Haynsworth Federal Building and United States Courthouse
300 East Washington Street
Greenville, SC 29601  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*  **(Do Not send cash)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*