IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No.: 8:19-00181** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Detric Lee McGowan,** | ) | |
| | ) | |
| _____ | ) | |

### BRADY REQUEST MOTION FOR THE PRODUCTION AND INSPECTION OF EVIDENCE AND INFORMATION WHICH MAY LEAD TO EVIDENCE

You will please take notice that as legal counsel for the Defendant, Detric Lee McGowan, I am requesting, under the authority of Brady v. Maryland, 373 V.S. 83 (1963); Napue v. Illinois, 360 U.S. 364 (1959); Alcorta v. Texas, 355 U.S 28 (1957); Mooney v. Holohan, 294 U.S.103 (1935); Giglio v. U.S., 405 U.S. 150 (1972); and Moore v. Illinois, 408 U.S. 86 (1972), that your office supply to me, or make available for inspection, all evidence which may be favorable to the Defendant with regard to the offense with which he has been charged.  The Defendant is requesting access to such favorable information as is in your custody as well as that being held by investigating officers or agencies.  Such information would include but would not be confined to, the following:

1. All written and verbal statements of the Defendant, whether signed or unsigned;

2. All written and verbal statements made by witnesses or any other persons, whether signed or unsigned, which relate to this case;

3. All tape recordings made by witnesses or any other persons in connection with this case;

4. Any and all written reports to the State Law Enforcement Division (SLED) Criminalistics Laboratory; Federal Bureau of Investigation Laboratories; City of Greenville Police Department Criminalistics Identification personnel, or any other Law Enforcement Agencies concerning an examination made by said laboratories and/or personnel thereof, of any physical, photographic, or written evidence concerned with the investigation of this case;

5. Photographs of latent fingerprints found at the scene, and latent fingerprints discovered and lifted at the scene of the incident, or upon any objects alleged to have been used in the crime alleged; any written reports of comparisons made; and also any copies of fingerprints in your possession of the alleged victim and his/her family;

6. Any and all photographs taken of the Defendant on any portion of his/her body.

7. Any and all photographs taken at the scene of the alleged crime and /or the victim, or otherwise relating to this case;

8. Photographs that have been exhibited to any person for the purpose of establishing the identity of the perpetrator of the crime charged and the name and addresses of the person(s) to whom the photographs were shown;

9. Handwritten notes or memoranda of same made by police or other investigating officers of their conversations with the Defendant;

10. Handwritten notes made by police or other investigating officers of their conversation or interviews with witnesses;

11. All transcripts made of tape-recorded statements made by the accused and by potential prosecution witnesses, as well as any handwritten notes;

12. Names and addresses of all witnesses having knowledge of the offense charged who have been interviewed by any Government and/or law enforcement agency, including the United States Attorney's Office, its investigators, its staff or the investigating officers, whether subpoenaed or not, in the crime charged;

13. In addition to the criminalistics report requested in Paragraph 4 above, a copy of the crime report, together with copies of all reports written by officers investigating the crime involved in the above entitled action;

14. Right to inspect and/or copy or photograph all items of any kind and nature seized and removed as a result of any search of the Defendant and/or Co-Defendants, if any or any vehicle associated with the alleged crime;

15. Names and addresses of any persons interviewed by the United States Attorney's Office, its investigators or agents, or any other law enforcement agency known to the United States Attorney or his representatives in relation to this case;

16. Record of arrests and convictions of any (all Defendants) and all witnesses named pursuant to Paragraph 13 above, furnished to the investigating or prosecuting agency by the FBI or any other law enforcement agency known to the Solicitor or his representatives in relation to this case;

17. All notes or memoranda, by police officers or other investigating officers of their conversations with persons who appeared before any Grand Jury proceedings in connection with this case, or personnel the Government expects to or has called before any such Grand Jury proceeding;

18. All notes or memoranda by police officers, investigating officers, and psychiatrists or other connected medical and mental health examiners, of their conversations with the Defendant;

19. Autopsy reports and pathologist's reports to include any and all photographs of the remains or any portion thereof; patient records provided to the pathologists; histolocial reports; toxicological studies; hospital admission records; emergency room records (including notations as to any medications administered as well as resuscitative measures instituted, if any);

20. All reports from the State Law Enforcement Division, Sheriff's Office, or any other law enforcement agency, including Federal Bureau of Investigation, concerning fingerprints checked in connection with this case; and

21. Any physical or tangible item in the possession of the U.S. Attorney's Office, which may be relevant to the guilt or innocence of this Defendant. Any criminalistics reports or results of tests performed upon items within this paragraph requested in Paragraph 4 above.

Recognizing that Brady v. Maryland, supra, and other authorities cited require that only information favorable to the Defendant be made available, and further recognizing that a genuine disagreement may arise as to whether or not a particular item of evidence is favorable, it will be requested that the Court Order provide for an in camera inspection of the items sought to be discovered should you feel that such items are not favorable to the Defendant. By permitting the Court to examine the items requested, the legitimate interests of the State will be protected in that no disclosure in excess of Brady, et al, will occur. Further, it will be requested of the Court that said Order

will be a continuing one, providing that in the event any items sought to be discovered herein become available subsequent to the making of the Order pursuant to this Motion, said items will be made available to the Defendant's attorney forthwith if discovered during trial, or no later than 12:00 Noon on the first Court day following its acquisition if discovered before trial.

The purposes of said Motion is to enable the Defendant herein to properly prepare for the examination of any witnesses who may testify in this case.  Defendant would show that the failure to produce any of the foregoing evidence or information by the law enforcement agency involved would result in a violation of the Fifth, Sixth, and Fourteenth Amendments of the Federal Constitution of the United States.

Respectfully submitted,

/s/ Ryan L. Beasley
Ryan L. Beasley, #9162
Ryan L. Beasley, P.A.
416 East North Street
Greenville, S.C. 29601
T:  (864) 679-7777    F:  (864) 362-8341
rlb@ryanbeasleylaw.com

November 13, 2019
Greenville, South Carolina

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENWOOD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **Criminal No.: 8:19-00181** |
| ) | |
| **v.** ) | |
| ) | |
| **Detric Lee McGowan,** ) | |
| ) | |
| _____ ) | |

## MOTION FOR DISCOVERY AND INSPECTION OF DOCUMENTS PURSUANT TO FEDERAL CRIMINAL RULES, RULE 16

COMES NOW the Defendant, Detric Lee McGowan, through his undersigned counsel, who respectfully moves this Court, pursuant to Rule 16, Federal Rules of Criminal Procedure, to issue an Order requiring that the U.S. Attorney's Office permit the Defendant's counsel to inspect, copy, photograph, or subject to scientific analysis the following information or evidence in the possession or control of the State:

1. Any and all statements, confessions, or admissions made by the Defendant or any other Defendant in this case, whether written or otherwise recorded or oral statements;

2. Any and all prior criminal records of the Defendant;

3. Any and all tangible objects and documents or portions thereof which the Government may use as evidence at the trial of this case or which were taken from the Defendant; and

4. Any and all results or reports of physical or mental examinations and of scientific tests or experiments which the Government may use at the trial of this case.

This motion requests disclosure of information and/or evidence permitted by and within the scope of Rule 16 and prays reference to that Rule in its entirety and incorporates the same verbatim by this reference.

Respectfully submitted,

/s/ Ryan L. Beasley
Ryan L. Beasley, #9162
Ryan L. Beasley, P.A.
416 East North Street
Greenville, S.C. 29601
T:  (864) 679-7777    F:  (864) 362-8341
rlb@ryanbeasleylaw.com

November 13, 2019
Greenville, South Carolina