IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 8:19-cr-00181-DCC (1) |
| | ) | |
| v. | ) | |
| | ) | |
| DETRIC LEE MCGOWAN | ) | |
|   a/k/a "Fat" | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Detric Lee McGowan, ("McGowan", "Defendant"), based upon the following:

1.    On May 14, 2019, a multi-count Superseding Indictment ("Indictment") was filed charging McGowan with:

| | |
|---|---|
| Count 1: | Conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(A), (b)(1)(E) and 846; |
| Count 2: | Conspiracy to import controlled substances, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(A), (b)(1)(B), (b)(1)(F) and 963; |
| Count 4: | Conspiracy to commit bulk cash smuggling, in violation of 18 U.S.C. § 371; |
| Count 5: | Bulk cash smuggling, in violation of 31 U.S.C. § 5332(a)(1); |
| Counts 9 & 11: | Interstate travel and transportation in aid of drug trafficking business, in violation of 18 U.S.C. §§ 1952(a)(3); |
| Counts 10 & 25: | Possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § § 841(a)(1), (b)(1)(A), (b)(1)(C) and (b)(1)(E); |

| | |
|---|---|
| Count 12: | Possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); |
| Counts 13 & 24: | Maintaining a stash house, in violation of 21 U.S.C. § 856(a)(1); |
| Count 14: | Conspiracy to structure transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a) and 5313(a), and 18 U.S.C. § 371; |
| Counts 19, 21, 22 23: | Unlawful use of a communication device, in violation of 21 U.S.C. § 843(b); |
| Count 26: | Felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e); |
| Count 29: | Conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); |
| Counts 30 & 31: | Money laundering-promotion, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); |
| Counts 32-41: | Money laundering-concealment, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); |
| Counts 42-46: | Money laundering-illegal monetary transactions, in violation of 18 U.S.C. § 1957. |

2.     Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon McGowan's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

.

A. **PROPERTY**:

(a) $587,639.00 in United States currency[1]
Asset ID: 19-DEA-649763

(b) $2,766.00 in United States currency[2]
Asset ID: 19-DEA-649771

(c) $25,142.60 in United States currency seized from First Citizens Bank account: xxxxxx-4865[3]
Asset ID: 19-DEA-651394

(d) $14,043.46 in United States currency seized from First Citizens Bank account: xxxxxx-4427[4]
Asset ID: 19-DEA-651415

(e) $7,085.78 in United States currency seized from First Citizens Bank account:xxxxxx-0443[5]
Asset ID: 19-DEA-651415

B. **CASH PROCEEDS/MONEY JUDGMENT**:[6]

A sum of money equal to all proceeds the defendants obtained, directly or indirectly, from the Title 21 offenses and/or a sum of money equal to all property involved in the Title 31 offenses as charged in this Superseding Indictment, and all proceeds traceable thereto, for which the defendants are liable.

---

[1] The $587,639.00 in United States currency was forfeited by the seizing agency.
[2] The $2,766.00 in United States currency was forfeited by the seizing agency.
[3] The $25,142.60 seized from First Citizens Bank account: xxxxx-4865 was forfeited by the seizing agency.
[4] The $14,043.46 seized from First Citizens Bank account: xxxxx-4427 was forfeited by the seizing agency.
[5] The $7,085.78 seized from First Citizens Bank account: xxxxxx-0443 was forfeited by the seizing agency.
[6] In his plea agreement, signed July 29, 2019, the defendant agreed to a judgment of $3,264,500.00.

    C.    <u>REAL PROPERTY</u>:[7]

        320 Scenic Lake Court
        Piedmont, South Carolina 29341
        Greenville County, South Carolina
        In the names of Detric Lee McGowan and Lauren Brook Poore
        TMS: 0583-10-01-011.00

    D.    <u>VEHICLES</u>:

        (a)    2016 Nissan Maxima
                VIN: 1N4AA6AP4GC433402
                Asset ID: 19-DEA-649914

        (b)    2019 EZ-Go Clemson Tigers golf cart
                VIN: 3379020
                Asset ID: 19-DEA-649854

    E.    <u>FIREARMS/AMMUNITION</u>:[8]

        (a)    Jimenez Arms. J.A. 25 pistol
                CAL: .25   Serial No.: 188060
                Asset ID: 19-ATF-016687

        (b)    5 rounds PPU ammunition
                CAL: .25
                Asset ID: 19-ATF-016689

    F.    <u>JEWELRY</u>:

        (a)    One (1) 18 karat yellow gold and stainless steel Rolex watch
                Asset ID: 19-DEA-649852

        (b)    One stainless steel Rolex watch
                Asset ID: 19-DEA-649852

---

[7] This property is in foreclosure proceedings. The government will be forfeiting the surplus funds from the foreclosure sale of this property.

[8] The firearm and ammunition were forfeited by the seizing agency.

3. On July 5, 2019, a Bill of Particulars was filed with the court regarding property alleged in the Superseding Indictment filed July 14, 2019, as also being subject to forfeiture to the United States. Such property includes:

    A.    <u>VEHICLE</u>:

        2015 Toyota Sienna
        VIN: 5TDKK3DC8FS591368
        Asset ID: 19-DEA-650111

4. On July 29, 2019, an Information was filed charging McGowan with:

<u>Count 1</u>: Attempt to kill a witness(s) in order to prevent the witness(s) attendance and testimony in a criminal trial related to the Superseding Indictment of 8:19-181, in violation of 18 U.S.C. § § 1512(a) and (j);

<u>Count 2</u>: Attempt to kill the prosecuting Assistant United States Attorney in retaliation for her attendance in the criminal case 8:19-181, related to the Superseding Indictment, in violation of 18 U.S.C. § § 1513(a) and (c).

5. On July 29, 2019, McGowan signed a plea agreement, agreeing to forfeiture.

6. On August 1, 2019, McGowan pled guilty to Counts 1, 25 and 29 of the Superseding Indictment and Counts 1 and 2 of the Information.

7. Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and the property involved in Defnedant's offenses and the violations for which McGowan has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18

U.S.C. §§ 924(d), 981 and 982; 21 U.S.C. §§ 853 and 881; 31 U.S.C. §§ 5317(c)(1), 5332(b)(2), and 28 U.S.C. § 2461(c). Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violations of Title 18, United States Code, Sections 1512, 1513 and 1956 and Title 21, United States Code, Section 841 are forfeited to the United States and that all property involved in Defendant's violations of Title 18, United States Code, Sections 1512, 1513 and 1956 and Title 21, United States Code, Section 841 are forfeited to the United States.

8. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

9. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant McGowan as a result of his violations of Title 18, United States Code, Sections 1512, 1513 and 1956 and Title 21, United States Code 841, and that such substitute assets shall not exceed the value of the proceeds Defendant McGowan obtained of $3,264,500.00.

Accordingly, it is herby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Detric Lee McGowan, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

A. <u>REAL PROPERTY</u>:

All surplus proceeds from the sale from the foreclosure sale of:

320 Scenic Lake Court
Piedmont, South Carolina 29341

    Greenville County, South Carolina
    In the names of Detric Lee McGowan and Lauren Brook Poore
    TMS: 0583-10-01-011.00

  B.  <u>VEHICLES</u>:

    (a)  2016 Nissan Maxima
      VIN: 1N4AA6AP4GC433402
      Asset ID: 19-DEA-649914

    (b)  2019 EZ-Go Clemson Tigers golf cart
      VIN: 3379020
      Asset ID: 19-DEA-649854

    (c)  2015 Toyota Sienna
      VIN: 5TDKK3DC8FS591368
      Asset ID: 19-DEA-650111

  C.  <u>JEWELRY</u>:

    (a)  One (1) 18 karat yellow gold and stainless steel Rolex watch
      Asset ID: 19-DEA-649852

    (b)  One stainless steel Rolex watch
      Asset ID: 19-DEA-649852

  2.  FORFEITURE IS ENTERED aginst Detric Lee McGowan and in favor of the United States in the amount of $3,264,500.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the judgment.

  3.  The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed judgment.

  4.  Upon entry of this Order, the Government is further authorized to conduct discovery to identify, locate, or other substitute assets, in accordance with Fed. R. Crim.

P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. CRim. P. 32.2(e).

13. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the Unted States Attorney's Office.

AND IT IS SO ORDERED.

    s/Donald C. Coggins, Jr.
DONALD C. COGGINS, JR.
UNITED STATES DISTRICT JUDGE

February 11, 2020
Spartanburg, South Carolina